Judge Underwood,
delivered the opinion of the Court.
The plaintiff in error plead non est facturn, in these words, to action of debt brought against him by the defendant, ‘‘that the supposed writing, obfigatory in the declaration mentioned, and recited, is not his deed.” Issue was joined and verdict and judgment rendered for Thoms, in the circuit court. The obligation sued on, as set out in the declaration, bore date 14th August, 1826, and was payable 1st ot January, 1826, In support of the issue, Thoms, on his part, offered in evidence, an obligation dated 14th August, 1826, for the sunn demanded by the writ and declarat.ion, but payable on the 1st of January, 1827, instead of the 1st of January, 1826, the execution of which, by Rudd, was admitted, but he objected to its being read as evidence, because it varied in the time of payment, from the obligation set out in the declaration, The court admitted the evidence, and whether the court erred in admitting it, is the only question for decision. It is a well settled rule, that when a deed is the foundation of the action and profert is made in the declaration, the defendant is entitled to oyer. But if the defendant does not choose to crave oyer, on the Contrary omits it, files a plea of non est factum, as ip *300 the present- case, we know of no principle of law, ov rule of practice, which prohibits his doing so. What deed was it, the execution of which was put in issue by the pleading? Surely not a deed payable on the 1st of January, 1827, but one payable on the 1st of Jan. 1826; to. make the controversy turn, therefore, on the.validity of an obligation, payable on the 1st of January, 1827', was a departure from the matter put in issue, and calculated to surprize the defendant in the circuit court. The evidence offered, was therefore, inadmissible. I,t may be urged that it was obviously a mistake, apparent on the face of the declaration, in setingoutthe time of payment, on the 1st of January, 1826, that being a day prior to the execution of the deed declared on. it is true that the declara* tion presents an apparent inconsistency, but there is no more reason to suppose, from the face of the declaration, that there was a mistake in the time fixed for payment, than in the date of the note or obligation, and the deed might have been written precisely as declared on. The proof and allegations must correspond in substance, if they do not, the plaintiff should be non-suited. The variance between the declaration and proof, in this case, was substantial. 1 Chitty, 478,. shows that the defendant in the circuit court, had a, right to plead as he did.
Tho’-a bill of notatatethait it contains all the evi'uihe ’ that^ illegalor improper evidenoe was ad-foundation of the judgment, it manifests requires°re-S vision.
The counsel for the defendant in error, insists that as the bill of exceptions does not purport to contain all ^ie ev^ence given on the trial, that we should not reverse the cause, for it may be, that such an obligation as that declared on, was given in evidence, for aught aPPears" We cannot admit the correctness of the argument, it is manifest from the exception, that the obligation read in evidence, and which was objected to, was admitted as the foundation of the plaintiff’s right recover on his declaration, and the judgment giving interest from the 1st of January, 1827, instead of 1826, aiso shows it. It will not do to disregard long settled rules of law and practice. If they procrastinate justice for a time, as may be the case in the present instance, the mischief will be less than it would be by attempting to adopt new rules to suit the justice of each particular, case. Parties must present their cases under the settled rules of law, and not require courts *301 to make new rules to obviate their negligence or defects.
Hord, for plaintiff; Brown, for adefendant.
The judgment of the circuit court is reversed, and the cause remanded for proceedings de novo. The plaintiff in error must recover costs.